UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARRY LEE JONES,                      )
                                      )
                    Petitioner,       )        Case No. 1:06-cv-337
                                      )
v.                                    )        Honorable Wendell A. Miles
                                      )
MARY BERGHUIS et al.,                 )
                                      )
                    Respondents.      )
_____)

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2241.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES[1]; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

---

[1] The Rules Governing § 2254 Cases may be applied to a habeas corpus action filed pursuant to 28 U.S.C. § 2241.  Rule 1(b), RULES GOVERNING § 2254 CASES.

Dockets.Justia.com

**Discussion**

I.      Factual Allegations

Petitioner is incarcerated in the West Shoreline Correctional Facility.  He pleaded guilty in the Ingham County Circuit Court to second-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520c(1)(a) (person under 13 years of age).  The trial court sentenced him on July 12, 2000, to imprisonment of two to fifteen years.  The instant petition does not concern Petitioner's criminal conviction; rather, Petitioner challenges the denial of his parole by the Michigan Parole Board.  Petitioner has been denied parole five times, most recently on December 9, 2005.

The Michigan Parole Board must follow the parole guidelines promulgated by the Michigan Department of Corrections.  *See* MICH. COMP. LAWS § 791.233(e)(5).  The parole board may depart from the guidelines by denying parole to a prisoner who scores under the guidelines as having a high probability of parole, but any such departure "shall be for a substantial and compelling reason stated in writing."  *See* MICH. COMP. LAWS § 791.233(e)(6).  In 2004 and 2005, Petitioner scored under the parole guidelines as having a high probability of parole.  In its December 9, 2005 decision, the parole board gave the following substantial and compelling reason for denying parole: "During his PBI P[risoner] was unable [sic] demonstrate the sufficient insight into his deviant behavior which is needed to reduce his risk.  P[risoner] spoke in superficial terms and was able to express only limited insight which impressed as shallow." 12/9/2005 Parole Board Notice of Action, Ex. 6.  The parole board further stated that reasons supporting its action included the facts that Petitioner's crime involved a family member or acquaintance, that the offense violated a position of trust or authority, that the offense involved a child victim, that Petitioner minimized his responsibility and that Petitioner expressed little or no remorse for his crime.  *Id.*

- 2 -

Petitioner claims that he was denied parole in violation of his procedural and substantive due process rights. He contends that the mandatory language of § 791.233(e)(6) creates a liberty interest in parole for prisoner who score as having a high probability of parole. Petitioner alleges that the reasons given by the parole board for denying his parole were inadequate and were not "substantial and compelling." Rather, Petitioner maintains that the parole board's decision was arbitrary and "considered only the facts that were used in sentencing the Petitioner as well as cursory indication of failure on his psychological report, which consequently were [sic] subjective in nature." Petitioner further claims that he was denied a fair and impartial decision maker as the result of MICH. COMP. LAWS § 791.231(a)(2) which provides, "[t]he director may remove a member of the parole board for incompetency, dereliction of duty, malfeasance, misfeasance, or nonfeasance in office." According to Petitioner, this provision permits the director of the Michigan Department of Corrections to terminate a parole board member if the director disagrees with a decision of the parole board member. As a result, Petitioner contends that parole board members are reluctant to make controversial release decisions. Plaintiff further claims that § 791.231a (2) violates the "Fair and Just Treatment" Clause of Michigan's Constitution, MICH. CONST. art. I, § 17.

II.     Exhaustion of State Court Remedies

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4,

- 3 -

6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Under recent statutory and rule amendments by the Michigan Legislature and Michigan Supreme Court, respectively, a prisoner no longer has an ability to appeal a parole denial under state statute. The former version of MICH. COMP. LAWS § 791.234(8) provided that the grant or denial of parole by the Michigan Parole Board could be appealed to the circuit court by the prisoner, prosecutor or victim. *See* MICH. COMP. LAWS § 791.234(8) (West. 1999). The new version eliminated the ability of a prisoner to appeal a parole denial, and provides only that a grant of release on parole may be appealed by the prosecutor or the victim. *See* MICH. COMP. LAWS § 791.234(9) (as amended by 1999 Mich. Pub. Acts 191). The legislation was approved on November 24, 1999. Following the lead of the Michigan Legislature, the Michigan Supreme Court amended Michigan Court Rule 7.104, effective March 10, 2000, eliminating the provisions regarding the methods by which a prisoner could appeal a parole denial. *See* M.C.R. 7.104(D)(1), (2)(a).

The Sixth Circuit Court of Appeals has held that a Michigan petitioner's failure to exhaust his equal protection challenge to parole procedures is excused under 28 U.S.C. § 2254(b)(1)(B)(i) because Michigan law does not provide a state corrective process for such a claim. *Jackson v. Jamrog,* 411 F.3d 615, 618 (6th Cir. 2005). However, certain types of parole denial claims involving radical defects in legal process may be cognizable in state habeas corpus proceedings or by complaint for an order of mandamus. *Id.* at 621; *see also Morales v. Mich. Parole*

*Bd.,* 676 N.W.2d 221, 229-30 (Mich. Ct. App. 2003). Consequently, because state statute prohibits a prisoner from appealing a parole denial, Petitioner appears to have no available state court remedy in which to exhaust his claims. Even if he did have a method to challenge the decision, such as a state writ of habeas corpus or mandamus, *see Morales,* 676 N.W.2d at 229-30, the Court may still deny his action on the merits. *See* 28 U.S.C. § 2254(b)(2).

      III.   <u>Merits</u>

      Petitioner first claims that the parole board violated his procedural due process rights by denying his parole without providing a legitimate "substantial and compelling" reason after he scored as having a high probability of parole. Petitioner fails to raise a claim of constitutional magnitude because he has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so, and thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.*; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

      In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan procedural authorities to deny parole," has held that the Michigan system does not create a liberty interest in parole. Subsequent to its 1994 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's parole scheme creates no liberty interest in being released on parole. *See Ward v. Stegall*, No. 03-1804, 2004 WL 614581, at *1 (6th Cir. Mar. 24, 2004); *Martin v. Ohio Adult Parole*

*Auth.*, No. 03-3642, 2003 WL 22976604, at *1 (6th Cir. Dec. 8, 2003); *Bullock v. McGinnis*, No. 00-1591, 2001 WL 180978, at *2 (6th Cir. Feb. 14, 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Mich. Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999).

Also, in unpublished decisions, the Sixth Circuit has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Mich. Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Janiskee v. Mich. Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990). Finally, the Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999).

Furthermore, the presence of specific parole guidelines does not lead to the conclusion that parole release is mandated upon reaching a "high probability of parole." As stated by the Court, a state's scheme may be specific or general in defining the factors to be considered by the parole authority without necessarily mandating parole. *Greenholtz*, 442 U.S. at 7-8. At the time that *Sweeton* was decided, there were statutory factors to be considered by the parole board. *See Sweeton*, 27 F.3d at 1164 n.1 (noting that MICH. COMP. LAWS § 791.235 listed " a large number of

factors to be taken into account by the board.")  Although the current parole guidelines may be more

detailed than the former statutory provision, they are still nothing more than factors that are

considered by the board in assessing whether parole is appropriate.  The fact that the Michigan

Parole Board must follow their own procedural statutes and regulations regarding parole does not

raise an issue of federal due process.  *Id.* at 1165.  This is particularly so in light of the fact that the

guidelines do not state that the prisoner "must" or "shall" be paroled if the prisoner scores in a

certain category; rather, the guidelines still speak in terms of probability, thus leaving the ultimate

determination of parole release with the parole board.  In *Carnes v. Engler*, No. 03-1212, 2003 WL

22177118, at *1 (6th Cir. Sept. 19, 2003), the plaintiff prisoners argued that the Michigan parole

scheme created a liberty interest in parole because it places severe restrictions on the board's

discretion to grant or deny parole, and because it requires the board to provide "substantial and

compelling reasons" for departing from the parole guidelines.  The Sixth Circuit rejected the

plaintiff's arguments, holding that "the ultimate authority to grant parole still lies with the discretion

of the parole board."  2003 WL 22177118, at *1.  Because Plaintiff has no liberty interest at stake,

he fails to state a claim for a violation of his procedural due process rights.

Petitioner also claims that MICH. COMP. LAWS § 791.231a(2), which authorizes the

director of the Michigan Department of Corrections to remove parole board members for

"incompetency, dereliction of duty, malfeasance, misfeasance, or nonfeasance in office," forces

parole board members to deny parole to worthy applicants in order to keep their jobs.  To conclude

from this language that a parole board member may be removed as a result of a decision to grant or

deny parole in an individual case or class of cases "overstates the argument" and is too speculative

to warrant habeas relief.  *Juarez v. Renico*, 149 F.Supp.2d 319, 324 (E.D. Mich. 2001).  There is no

basis to conclude that the parole board's decision was the direct result of a pecuniary interest in

denying parole.  *Id.* at 323-34; *see also Crowley v. Renico*, 81 F. App'x 36, 37 (6th Cir. 2003) (Petitioner's claim that the Michigan Parole Board does not constitute a neutral and detached hearing body lacks merit), *cert. denied*, 543 U.S. 851 (2004).  Consequently, even assuming that Petitioner had a protected liberty interest in parole, no violation of due process occurred.[2]

Petitioner's substantive due process claim also must fail.  Substantive due process "prevents the government from engaging in conduct that shocks the conscience . . . or interferes with rights implicit in the concept of ordered liberty . . . ."  *United States v. Salerno,* 481 U.S. 739, 746, (1987) (internal quotation marks and citations omitted).  Although substantive due process protects prisoners from arbitrary denials of parole based on impermissible criteria such as race or political beliefs, or frivolous factors, such as eye color, even where a prisoner may not have a protected liberty interest, *see Block v. Potter*, 631 F.2d 233, 236 n. 2 (3d Cir. 1980), Petitioner does not present any such allegations here.  *See Mayrides v. Chaudhry*, No. 01-3369, 2002 WL 1359366, at *2 (6th Cir. June 20, 2002) (considering substantive due process claim in context of parole).  Moreover, it cannot be said that the actions of the parole board in continuing to deny Petitioner release on parole either shock the conscience or interfere with rights implicit in the concept of ordered liberty.  Petitioner's sentence was imposed for second-degree criminal sexual conduct (person under 13 years of age). He has served approximately six years of a two to fifteen-year sentence.  In concluding that Petitioner continues to represent a risk to society if released, the parole board cannot reasonably be considered to have committed an egregious abuse of governmental power.  Consequently, Petitioner has failed to assert a constitutional claim cognizable in a federal habeas proceeding.

---

[2]Plaintiff also asserts that § 791.231a(2) violates the "Fair and Just Treatment" Clause of Michigan's Constitution, MICH. CONST. art. I, § 17.  However, Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton,* 27 F.3d at 1166.  The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances. *See Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993);  *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *1-2 (6th Cir. June 18, 1998).  Accordingly, to the extent that Plaintiff's complaint presents allegations under state law, this Court declines to exercise jurisdiction.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme

Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

The Court finds that reasonable jurists could not find that this Court's dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.

Dated: <u>May 30, 2006</u>                                   <u>/s/ Wendell A. Miles</u>
                                                            Wendell A. Miles
                                                            Senior U.S. District Judge